1 Robert S. Brewer, Jr. (State Bar No. 65294)
rsbrewer@jonesday.com
2 Randall E. Kay (State Bar No. 149369)
rekay@jonesday.com
3 Alyson G. Barker (State Bar No. 244672)
abarker@jonesday.com
4 Kelly V. O'Donnell (State Bar No. 257266)
kodonnell@jonesday.com
5 JONES DAY
12265 El Camino Real, Suite 200
6 San Diego, CA 92130
Telephone: 858.314.1139
7 Facsimile: 858.314.1150

Attorneys for Defendant/Counterclaimant
SMARTDRIVE SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRIVECAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> SMARTDRIVE SYSTEMS, INC., <br><br> Defendant. | Case No. 11-CV-0997 H (RBB) <br><br> **ANSWER TO COMPLAINT; COUNTERCLAIM; AND DEMAND FOR JURY TRIAL** |
| SMARTDRIVE SYSTEMS, INC., <br><br> Counterclaimant, <br><br> v. <br><br> DRIVECAM, INC., <br><br> Counterdefendant. | |

SmartDrive Systems, Inc. ("SmartDrive"), by and through counsel, answers the Complaint for Patent Infringement of DriveCam, Inc. ("DriveCam") and asserts counterclaims as follows:

## ANSWER TO DRIVECAM'S COMPLAINT

### NATURE OF THE ACTION

1. SmartDrive admits that DriveCam asserts U.S. Patent Nos. 6,389,340 ("the '340 patent"), 7,804,426 ("the '426 patent") and 7,659,827 ("the '827 patent") against SmartDrive, but SmartDrive denies infringement of any of the Asserted Patents.

### PARTIES

2. SmartDrive is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 2 of DriveCam's Complaint, and on that basis denies those allegations.

3. SmartDrive admits the allegations in paragraph 3 of DriveCam's Complaint.

### JURISDICTION AND VENUE

4. SmartDrive admits the allegations in paragraph 4 of DriveCam's Complaint.

5. SmartDrive admits that this Court has personal jurisdiction over SmartDrive, that SmartDrive's headquarters and principal place of business are in this District, and that SmartDrive has transacted business and supplied goods and services in this District. SmartDrive admits that personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). SmartDrive denies all remaining allegations in paragraph 5 of DriveCam's Complaint.

6. SmartDrive admits that DriveCam is headquartered and has business operations in this District. SmartDrive is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 6 of DriveCam's Complaint, and on that basis denies those allegations.

7. SmartDrive is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 7 of DriveCam's Complaint, and on that basis denies those allegations.

8. SmartDrive denies the allegations of paragraph 8 of DriveCam's Complaint.

9.      SmartDrive is without knowledge or information sufficient to form a belief regarding the allegations in the first sentence of paragraph 9 of DriveCam's Complaint, and on that basis denies those allegations. The allegations in the second sentence of Paragraph 9 of DriveCam's Complaint call for a legal conclusion and SmartDrive denies those allegations. SmartDrive denies the third sentence of Paragraph 9 of DriveCam's Complaint.

10.     SmartDrive admits that DriveCam has customers in solid waste, distribution and commercial services. SmartDrive is without knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 10 of DriveCam's Complaint, and on that basis denies those allegations.

11.     SmartDrive cannot ascertain the meaning of the phrase "DriveCam's solution" as used in the first sentence of paragraph 11 of DriveCam's Complaint, and SmartDrive denies the allegations of the first sentence of DriveCam's Complaint. SmartDrive denies the allegations of the second sentence of paragraph 11 of DriveCam's Complaint. SmartDrive is without knowledge or information sufficient to form a belief regarding the allegations in the third sentence of paragraph 11 of DriveCam's Complaint, and on that basis denies those allegations. SmartDrive denies the allegations of the fourth sentence of paragraph 11 of DriveCam's Complaint.

12.     SmartDrive is without knowledge or information sufficient to form a belief regarding the allegations in the first sentence of paragraph 12 of DriveCam's Complaint, and on that basis denies those allegations. SmartDrive denies the allegations of the second sentence of paragraph 12 of DriveCam's Complaint.

ALLEGATIONS REGARDING FIRST CLAIM FOR RELIEF
RE: U.S. PATENT NO. 6,389,340

13.     SmartDrive incorporates by reference, repeats and realleges its responses to paragraphs 1-12 of DriveCam's Complaint.

14.     SmartDrive admits that the '340 patent attached to the Complaint on its face purports to have issued on May 14, 2002 with the title "Vehicle Data Recorder". SmartDrive is without knowledge or information sufficient to form a belief regarding the remaining allegations

in paragraph 14 of DriveCam's Complaint, and on that basis denies those allegations.

15. SmartDrive denies the allegations in paragraph 15 of DriveCam's Complaint.

16. SmartDrive denies the allegations in paragraph 16 of DriveCam's Complaint.

17. SmartDrive admits that it has a product called SmartRecorder™ System which can be, but is not always, mounted on a vehicle windshield, that SmartDrive's website states "The SmartRecorder™ System is an innovative Event recording system, capturing comprehensive vehicle data from triggered events", and that upon service of this complaint, if not earlier, SmartDrive had knowledge of the '340 patent. SmartDrive denies the remaining allegations in paragraph 17 of DriveCam's Complaint.

18. SmartDrive admits that upon service of this complaint, if not earlier, SmartDrive had knowledge of the '340 patent. SmartDrive denies the remaining allegations in paragraph 18 of DriveCam's Complaint.

19. SmartDrive denies the allegations in paragraph 19 of DriveCam's Complaint.

20. SmartDrive denies the allegations in paragraph 20 of DriveCam's Complaint.

ALLEGATIONS REGARDING SECOND CLAIM FOR RELIEF
RE: U.S. PATENT NO. 7,804,426

21. SmartDrive incorporates by reference, repeats and realleges its responses to paragraphs 1-20 of DriveCam's Complaint.

22. SmartDrive admits that the '426 patent attached to the Complaint on its face purports to have issued on September 28, 2010 with the title "System and Method for Selective Review of Event Data". SmartDrive is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 22 of DriveCam's Complaint, and on that basis denies those allegations.

23. SmartDrive denies the allegations in paragraph 23 of DriveCam's Complaint.

24. SmartDrive denies the allegations in paragraph 24 of DriveCam's Complaint.

25. SmartDrive admits that its website states "SmartDrive makes it easy for fleet, risk, and safety managers to respond with instant, online access to video clips, interactive reports, easy coaching tools, and more, through the SmartDrive Response Center™" and "Managers can easily

retrieve individual driver history and video Events to replay and discuss, resulting in objective and prescriptive coaching sessions", and that upon service of this complaint, if not earlier, SmartDrive had knowledge of the '426 patent. SmartDrive denies the remaining allegations in paragraph 25 of DriveCam's Complaint.

26. SmartDrive admits that upon service of this complaint, if not earlier, SmartDrive had knowledge of the '426 patent. SmartDrive denies the remaining allegations in paragraph 26 of DriveCam's Complaint.

27. SmartDrive denies the allegations in paragraph 27 of DriveCam's Complaint.

28. SmartDrive denies the allegations in paragraph 28 of DriveCam's Complaint.

## ALLEGATIONS REGARDING THIRD CLAIM FOR RELIEF
## RE: U.S. PATENT NO. 7,659,827

29. SmartDrive incorporates by reference, repeats and realleges its responses to paragraphs 1-28 of DriveCam's Complaint.

30. SmartDrive admits that the '827 patent attached to the Complaint on its face purports to have issued on February 9, 2010 with the title "System and Method for Taking Risk Out of Driving". SmartDrive is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 30 of DriveCam's Complaint, and on that basis denies those allegations.

31. SmartDrive denies the allegations in paragraph 31 of DriveCam's Complaint.

32. SmartDrive denies the allegations in paragraph 32 of DriveCam's Complaint.

33. SmartDrive admits that upon service of this complaint, if not earlier, SmartDrive had knowledge of the '827 patent. SmartDrive denies the remaining allegations in paragraph 33 of DriveCam's Complaint.

34. SmartDrive admits that upon service of this complaint, if not earlier, SmartDrive had knowledge of the '827 patent. SmartDrive denies the remaining allegations in paragraph 34 of DriveCam's Complaint.

35. SmartDrive denies the allegations in paragraph 35 of DriveCam's Complaint.

36. SmartDrive denies the allegations in paragraph 36 of DriveCam's Complaint.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

### (35 U.S.C. § 101)

37. As and for a separate affirmative defense, SmartDrive alleges on information and belief that one or more claims of the '340 patent, the '426 patent and the '827 patent are invalid in that they fail to meet the conditions for patentability set forth in 35 U.S.C. § 101.

## Second Affirmative Defense

### (35 U.S.C. § 102)

38. As and for a separate affirmative defense, SmartDrive alleges on information and belief that one or more claims of the '340 patent, the '426 patent and the '827 patent are invalid in that they fail to meet the conditions for patentability set forth in 35 U.S.C. § 102.

## Third Affirmative Defense

### (35 U.S.C. § 103)

39. As and for a separate affirmative defense, SmartDrive alleges on information and belief that one or more claims of the '340 patent, the '426 patent and the '827 patent are invalid in that they fail to meet the conditions for patentability set forth in 35 U.S.C. § 103.

## Fourth Affirmative Defense

### (35 U.S.C. § 112)

40. As and for a separate affirmative defense, SmartDrive alleges on information and belief that one or more claims of the '340 patent, the '426 patent and the '827 patent are invalid in that they fail to meet the conditions for patentability set forth in 35 U.S.C. § 112.

## Fifth Affirmative Defense

### (Laches)

41. As and for a separate affirmative defense, SmartDrive alleges that DriveCam's claim for infringement of the '340 patent is barred by the doctrine of laches.

## Sixth Affirmative Defense

### (Adequate Remedy at Law)

42. As and for a separate affirmative defense, SmartDrive alleges that DriveCam's claims for injunctive remedies are barred in light of the fact that DriveCam has other adequate remedies if necessary.

## Seventh Affirmative Defense

### (Reservation of Additional Affirmative Defenses)

43. SmartDrive presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses. As such, SmartDrive reserves the right to assert additional affirmative defenses in the event investigation or discovery indicates that additional affirmative defenses are appropriate, including, but not limited to, affirmative defenses of inequitable conduct or patent misuse.

## **COUNTERCLAIMS**

Defendant/Counterclaimant SmartDrive Systems, Inc ("SmartDrive") brings the following counterclaims against Plaintiff/Counterdefendant DriveCam, Inc. ("DriveCam"):

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to the laws of the United States. This Court has jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. An actual, substantial and continuing justiciable controversy exists between SmartDrive and DriveCam with respect to which SmartDrive requires a declaration of rights by this Court. Specifically, the controversy relates to the invalidity and non-infringement of United States Patent No. U.S. Patent No. 6,389,340 ("the '340 patent") entitled "Vehicle Data Recorder", U.S. Patent No. 7,804,426 ("the '426 patent") entitled "System and Method for Selective Review of Event Data" and U.S. Patent No. 7,659,827 ("the '827 patent") entitled "System and Method for Taking Risk Out of Driving" and to DriveCam's right to maintain a suit for infringement of the '340 patent, the '426 patent and/or the '827 patent.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c).

# THE PARTIES

3. Defendant/counterclaimant SmartDrive is a corporation with its principal place of business at 9276 Scranton Road, Suite 500, San Diego, California 92121.

4. On information and belief, DriveCam is a corporation who has its principal place of business at 8911 Balboa Avenue, San Diego, California 92123, within this judicial district.

5. SmartDrive and DriveCam are direct competitors.

# FIRST COUNTERCLAIM

(Declaration of Patent Non-Infringement)

6. SmartDrive hereby incorporates and realleges paragraphs 1 through 5 of these Counterclaims.

7. DriveCam alleges that it is the owner of the '340 patent and DriveCam has brought suit against SmartDrive for infringement of "at least claim 39" of the '340 patent.

8. DriveCam alleges that it is the owner of the '426 patent and DriveCam has brought suit against SmartDrive for infringement of "at least claim 18" of the '426 patent.

9. DriveCam alleges that it is the owner of the '827 patent and DriveCam has brought suit against SmartDrive for infringement of "at least claim 1" of the '827 patent.

10. SmartDrive has not infringed, either literally or under the Doctrine of Equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '340 patent, the '426 patent or the '827 patent.

11. An actual case or controversy exists between DriveCam and SmartDrive based on DriveCam having filed a Complaint against SmartDrive alleging infringement of the '340 patent, the '426 patent and the '827 patent.

12. SmartDrive has been injured and damaged by DriveCam filing a Complaint asserting three patents that are not infringed by SmartDrive.

13. Declaratory relief is both appropriate and necessary to establish that the '340 patent, the '426 patent and the '827 patent are not infringed by any products made, used, sold, offered for sale or imported into the United States by SmartDrive and thus the '340 patent, the '426 patent and the '827 patent cannot be asserted against SmartDrive.

## SECOND COUNTERCLAIM

(Declaration of Patent Invalidity)

14. SmartDrive hereby incorporates and realleges paragraphs 1 through 13 of these Counterclaims.

15. The claims of the '340 patent, the '426 patent and the '827 patent are invalid for failure to satisfy the conditions of patentability under one or more sections of Title 35 of the U.S. Code, including, without limitation §§ 101, 102, 103, and 112.

16. An actual case or controversy exists between DriveCam and SmartDrive based on DriveCam having filed a Complaint against SmartDrive alleging infringement of the '340 patent, the '426 patent and the '827 patent.

17. SmartDrive has been injured and damaged by DriveCam filing a Complaint asserting patents that are invalid.

18. Declaratory relief is both appropriate and necessary to establish that the '340 patent, the '426 patent and the '827 patent are invalid and thus cannot be asserted against SmartDrive.

## PRAYER FOR RELIEF

WHEREFORE, SmartDrive prays for relief as follows:

A. That the Court enter judgment in favor of SmartDrive and against DriveCam, and dismiss DriveCam's Complaint with prejudice, and that DriveCam recover nothing thereon;

B. For an entry of judgment declaring the '340 patent, the '426 patent and the '827 patent, and all claims in those patents, not infringed by SmartDrive, or by the use of SmartDrive products or methods, whether literally or under the Doctrine of Equivalents, and for entry of judgment that SmartDrive does not infringe directly or by contributing to the infringement of others or by inducing others to infringe;

C. For an entry of judgment declaring the '340 patent, the '426 patent and the '827 patent, and all claims in those patents, invalid; and

D. For such other and further relief as the Court may deem just and fair.

Dated: May 26, 2011

Respectfully submitted,

Jones Day

By: /s/ Randall E. Kay
    Randall E. Kay

Attorneys for Defendant/Counterclaimant
SMARTDRIVE SYSTEMS, INC.

Demand for Jury Trial

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant/Counterclaimant SmartDrive Systems, Inc. demands a trial by jury of all issues so triable in this action.

Dated: May 26, 2011

Respectfully submitted,

Jones Day

By: /s/ Randall E. Kay
    Randall E. Kay

Attorneys for Defendant/Counterclaimant
SMARTDRIVE SYSTEMS, INC.